ROBERTS MIN. & MILL. CO. v. SCHRA-DER.

SCHRADER v. ROBERTS MIN. & MILL. Co.

No. 8508.

Circuit Court of Appeals, Ninth Circuit.
March 17, 1938.

Prince A. Hawkins, Robert Z. Hawkins, and Hawkins, Mayotte & Hawkins, all of Reno, Nev., and Clarence M. Hawkins, of Oakland, Cal., for Roberts Min. & Mill. Co.

George B. Thatcher, Wm. Woodburn and James T. Boyd, all of Reno, Nev., for Schrader.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

This was a suit in equity by G. A. Smith, a citizen of California, against E. J. Schrader, a citizen of Nevada, in the District Court of the United States for the District of Nevada. Each party sought a decree quieting his title to six mining claims in Eureka County, Nevada, known as the Norman, Whitey, Esther B., Nora, Buddy, and Sheila claims. The Sheila is also known as the Hematite claim. Before final hearing, Smith transferred his right, title, and interest in the claims to Roberts Mining & Milling Company, a Nevada corporation (hereafter called Roberts), and Roberts was substituted as plaintiff in his place and stead. After hearing the case, the District Court entered a decree quieting Schrader's title to all the claims except the Sheila, or Hematite. As to that claim, the court held that neither party was entitled to a decree. Both parties have appealed.

The first question to be decided is whether or not the District Court had jurisdiction of the case.

The bill of complaint alleged that Smith was a citizen of California, and that Schrader was a citizen of Nevada, but did not state the value of the mining claims, nor did it allege or state any fact from which it might be inferred that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000. In other words, the bill failed to state a cause of action within the jurisdiction of the District Court.

Schrader took no advantage of this jurisdictional defect, but filed an answer which denied that Smith owned or had possession of the mining claims. Also included in Schrader's answer was a so-called "further separate answer, defense and counterclaim," which alleged that Schrader was the owner and in possession of the claims. His prayer was for dismissal of the bill, with costs, and "for such other and further relief as may be meet and proper." Though inaptly worded and improperly labeled, the so-called "separate answer, defense and counterclaim," together with the prayer "for such other and further relief as may be meet and proper," was sufficient, we think, to constitute a counterclaim. It was so treated by the parties and by the court below, and will be so treated by this court.

■ This counterclaim was, in effect, a new suit, in which Schrader was plaintiff and Smith was defendant. Merchants' Heat & Light Co. v. James B. Clow & Sons, 204 U.S. 286, 289, 27 S.Ct. 285, 51 L.Ed. 488. Thenceforward, in this case, there were, in effect, two suits—a suit by Smith against Schrader and a suit by Schrader against Smith. The matter in controversy was the same in each.

■ Schrader's counterclaim did not allege, nor did it state any fact from which it might be inferred, that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000. In other words, the counterclaim failed, just as the bill of complaint had failed, to state a cause of action within the jurisdiction of the District Court.

Smith took no advantage of this jurisdictional defect, but filed a reply, in which he denied the material allegations of the counterclaim and prayed that Schrader take nothing thereby.

■ Schrader subsequently amended his counterclaim by adding a paragraph, alleging that he, Schrader, was a citizen of Nevada, that Smith was a citizen of California, and that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000. As thus amended, Schrader's counterclaim was sufficient to bring the case within the jurisdiction of the District Court, regardless of the lack of jurisdictional averments in the bill of complaint. Home Life Ins. Co. v. Sipp, 3 Cir., 11 F.2d 474, 476; American Sheet & Tin Plate Co. v. Winzeler, D.C.,Ohio, 227 F. 321, 324; Clarkson v. Manson, C.C.,N.Y., 4 F. 257, 259.

■ There was no reply to the amended counterclaim. The jurisdictional allegations therein contained were never denied or disproved. The District Court made no inquiry into their truth or falsity, and made no express finding in reference thereto. The jurisdictional allegations must, in this court, therefore, be taken as true. Sheppard v. Graves, 14 How. 505, 510, 14 L.Ed. 518; Steigleder v. McQuesten, 198 U.S. 141, 142, 25 S.Ct. 616, 49 L.Ed. 986; KVOS v. Associated Press, 299 U.S. 269, 277, 57 S.Ct. 197, 81 L.Ed. 183. Consequently, from and after the filing of the counterclaim, the District Court had jurisdiction of this case.

Smith transferred his right, title, and interest in the claims to Roberts on October 29, 1935. Thereafter, on November 12, 1935, Roberts filed in the District Court, sitting as a court of bankruptcy, its petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and, on the same day, that court made an order approving the petition and enjoining all persons from commencing, prosecuting, or continuing any suit, action, or proceeding involving or affecting its property.

On December 16, 1935, the bankruptcy court modified its injunction to the extent of permitting Roberts to be substituted for Smith in the equity case here under review, and, on Roberts' own application, such substitution was made on December 16, 1935. All subsequent proceedings in the case have been conducted between Roberts, as substituted plaintiff, and Schrader, as defendant and counterclaimant.

Whether, if there had been no counterclaim, the transfer from Smith to Roberts would have ousted the District Court's jurisdiction, is a debatable question. According to some authorities, jurisdiction would have been ousted. Pittsburgh, S. & N. R. R. Co. v. Fiske, 3 Cir., 178 F. 66; Adams Express Co. v. Denver & R. G. Ry. Co., C.C.,Colo., 16 F. 712, 717. Other authorities are to the contrary. Sternberger v. Continental Mines, Power & Reduction Co., D.C.,Colo., 259 F. 293, 297; Jarboe v. Templer, C.C.,Kan., 38 F. 213, 216; Glover v. Shepperd, C.C.,Wis., 21 F. 481.

■ The question is an interesting one, but it does not arise in this case. Here, there was a counterclaim of which the District Court had jurisdiction, and in which, as previously noted, Schrader occupied the position of plaintiff and Smith the position of defendant. It is well settled that jurisdiction, having once attached, is not ousted by a transfer of the defendant's interest in the subject matter of the litigation to a transferee of the same citizenship as the plaintiff. Hardenberg v. Ray, 151 U.S. 112, 118, 14 S.Ct. 305, 38 L.Ed. 93; Cross v. Evans, 5 Cir., 86 F. 1, 4. Remembering that Schrader's counterclaim was, in effect, a suit in which he was plaintiff and Smith was defendant, it is, we think, entirely clear that the District Court's jurisdiction was not ousted by the transfer from Smith to Roberts.

■ The District Court made findings of fact from which, if correct, the conclusion

necessarily follows that Schrader is the owner of the six mining claims in controversy, and that Roberts has no right, title, or interest in or to said claims or any thereof. As to all the claims except the Sheila, or Hematite, the District Court drew that conclusion. As to the Sheila, or Hematite, the District Court concluded that neither party had made a sufficient showing to entitle him or it to a decree. Neither party has, by any appropriate assignment of error, challenged the correctness of any of the trial court's findings of fact. Even if challenged, the findings are amply supported by the evidence and will not be disturbed.

Schrader assigns as error the trial court's failure to conclude that he, Schrader, is the owner of the Sheila, or Hematite, claim and entitled to a decree quieting his title thereto. This assignment is well taken. The findings and evidence require the same conclusion and decree as to all the claims.

The decree is modified so as to quiet Schrader's title to the Sheila, or Hematite, as well as to the other five claims, and, as thus modified, is affirmed.

HANEY, Circuit Judge.
I concur in the result.