**DALE BENZ, INC., CONTRACTORS, an Arizona Corporation, et al., Appellants,**

v.

**AMERICAN CASUALTY COMPANY, OF READING, PENNSYLVANIA, Appellee.**

No. 17464.

United States Court of Appeals Ninth Circuit.

Aug. 1, 1962.

Cox & Cox, Simpson Cox, Phoenix, Ariz., Marion R. Smokeer, Newton

Frishberg, Alfred S. Cox, of counsel, for appellants.

Moore & Romley, Jarrill F. Kaplan, Phoenix, Ariz., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and ROSS, District Judge.

PER CURIAM.

Appellee (hereinafter American) has filed a petition for rehearing in this case relating to the award to Appellants (hereinafter Benz) by this Court on appeal the sum of $9,200.00 as attorneys' fees for the proceedings in the trial court.

In considering this petition we believe it is important to remember that the trial court did not award attorneys' fees to Benz. On appeal Benz argued that it was entitled to attorneys' fees. The record disclosed that American stipulated that L. J. Cox, attorney for Benz, would testify that $9,200.00 was a reasonable sum for attorneys' fees. American did not introduce any testimony on this matter. We awarded $9,200.00 as attorneys' fees for the proceedings in the trial court.

Now American asserts that it was deprived of the opportunity to present any evidence on this matter, and the trial court was deprived of the opportunity to pass on the amount of attorneys' fees. American was not deprived of the opportunity to present any evidence on this matter, but rather it stipulated that Cox would testify that $9,200.00 was a reasonable sum for attorneys' fees. We do not understand how the trial court was deprived of the opportunity to pass on the amount of attorneys' fees.

American contends that it objected to any testimony on the issue of attorneys' fees on the ground that Benz was not entitled to recover the same. Further, that the trial court did not rule on American's objection at that time, but subsequently held that Benz was not entitled to recover attorneys' fees, in effect striking Benz's testimony in this regard as irrelevant. It is, of course,

elementary that before a party can successfully contend that certain testimony should not be considered by this Court it is necessary that the party not only object to the admission of said evidence, but also, seek a ruling on its objection. Here, there is no showing that American asked for a ruling on its objection or obtained one. The fact that the trial court did not allow Benz attorneys' fees does not mean that the court in effect struck Benz's testimony in this regard. Nor does the failure of the lower court to allow attorney fees amount to a holding that Benz was not entitled to attorney fees, as urged by American. Therefore, said testimony was before us for our consideration.

We have examined American's other grounds in support of its petition for rehearing and find them without merit. It is, therefore,

Ordered, that the petition of American for rehearing is hereby denied.