Shaindy FENTON and Shaindy Fenton,
Inc.,
Plaintiff/Cross-Defendant-Appellee,

v.

Gary A. FREEDMAN, Richard Freed-
man and Judith Freedman,
Defendants/Counter Claimants-Appellants.

No. 84–5627.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1984.

Decided Dec. 5, 1984.

Howard O. Boltz, Kadison, Pfaelzer, Woodard, Quinn & Rossi, Los Angeles, Cal., for plaintiff/cross-defendant-appellee.

Paul H. Samuels, Freedman, Tucker & Baum, Beverly Hills, Cal., for defendants/counter claimants-appellants.

Before FARRIS, ALARCON, and NORRIS, Circuit Judges.

ALARCON, Circuit Judge:

Richard Freedman, Judith Freedman and Gary Freedman (hereinafter the Freedmans) appeal from the district court's judgment in favor of co-plaintiffs Shaindy Fenton and Shaindy Fenton, Inc. (hereinafter Fenton) and the denial of their counterclaims.

Shaindy Fenton filed a diversity action seeking payment for the purchase price of specific works of art she had contracted to purchase on behalf of each of the Freedmans. The Freedmans filed a counterclaim in which they alleged that Fenton acted as the Freedmans' agent and breached her fiduciary duty of full disclosure.

The Freedmans seek reversal on the following grounds:

*One.* The district court lacked subject matter jurisdiction over two of the claims.

*Two.* The district court erred in "substituting" Shaindy Fenton, Inc. in place of Shaindy Fenton, because Shaindy Fenton, Inc. lacked capacity to sue in California.

*Three.* The district court erred in considering the deposition testimony of Shaindy Fenton without first ruling on the parties' objections.

*Four.* The district court erred in determining that there was insufficient evidence to establish an agency relationship.

We discuss each issue and the facts pertinent thereto under separate headings.

### 1. *Amount in Controversy*

Judith and Richard Freedman argue that the district court lacked subject matter jurisdiction because Fenton alleged claims against each of them in an amount of less than $10,000. The complaint alleged damages in the amount of $6,000 against Richard Freedman, $7,850 against Judith Freedman and $70,000 against Gary Freedman.

Each of the Freedmans' compulsory counterclaims exceeded $10,000. In *Roberts Mining & Milling Co. v. Schrader*, 95 F.2d 522 (9th Cir.1938), we stated that a counterclaim that exceeded the necessary amount in controversy was sufficient to bring the entire case within the jurisdiction of the district court, "regardless of the lack of jurisdictional averments in the bill of complaint." *Id.* at 524. *But cf. Motorists Mutual Insurance Co. v. Simpson*, 404 F.2d 511, 514–15 (7th Cir.), *cert. denied*, 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1968) (compulsory counterclaim can be held to give rise to federal jurisdiction where defendant counterclaimant has not objected to federal court's assumption of jurisdiction over plaintiff's main claim on ground that action is insufficient, and additionally files a compulsory counterclaim that exceeds $10,000) (dictum). The Freedmans did not object to the district court's exercise of jurisdiction prior to the filing of their compulsory counterclaim but, rather, raised the issue for the first time on appeal. Thus, under the law of this circuit, the district court had jurisdiction over each claim against the Freedmans.[1]

---

1. We are mindful of the fact that the Supreme Court held in *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936) that it is incumbent upon the plaintiff to allege jurisdictional facts. We are also aware that in a subsequent decision, the Court held that in determining jurisdiction, "the sum claimed by the plaintiff controls if the claim is made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288,

### 2. Failure to Rule on Objections

The Freedmans contend that the district court erred in considering the deposition testimony of Shaindy Fenton without ruling on their objections.

In accordance with the Local Rules of Practice for the United States District Court, Central District, Rule 8.1.2 and 9.4.-9, the parties identified the particular questions and answers proffered and those portions of the deposition to which they objected.

Upon admitting the deposition at trial, the district judge stated that he would rule on the objections raised and would "read those portions that have been marked by the plaintiff ... pursuant to the local rules." The Freedmans contend that "the district court did not rule formally or informally on the propriety of these objections ...." They request a remand to the district court so that a record can be made of the rulings on each of their objections.

We have reviewed the record. The district court did not rule on the Freedmans' objections. The Freedmans did not request a ruling on their objections prior to the entry of the judgments against them.

■ The failure of a litigant to request a ruling is a waiver of the right to raise any issue before this Court concerning admissibility. In 1962, we stated that "[i]t is ... elementary that before a party can successfully contend that certain testimony should not be considered by this Court [on review], it is necessary that the party not only object to the admission of said evidence, but also, seek a ruling on its objection." *Dale Benz, Inc., Contractors v. American Casualty Co., etc.*, 305 F.2d 641, 643 (9th Cir. 1962).

To permit a party to challenge the admissibility of evidence on appeal, after failing to direct the trial court's attention to its failure to rule, would give the appellant an unfair advantage. By remaining silent in the trial court, he denies his opponent the opportunity to lay a better foundation or to present other competent evidence. The trial court is also deprived of the opportunity to explain its ruling or to correct its error. Under such circumstances, the objecting party is free to gamble on a favorable judgment before the trial court, knowing that he can seek reversal on appeal because of his failure to obtain a ruling on his objections.

The Freedmans have waived their right to complain about the admission of the deposition testimony.

### 3. Substitution of Parties

The Freedmans assert that the district court abused its discretion in substituting Shaindy Fenton, Inc. in place of Shaindy Fenton as plaintiff. The Freedmans sought a dismissal after the close of the plaintiffs' case on the grounds that Shaindy Fenton was not the real party in interest since the evidence showed all transactions sued upon were entered into between Shaindy Fenton, Inc. and the Freedmans. In response to this motion, the district court stated it would substitute Shaindy Fenton, Inc. in place of Shaindy Fenton. The Freedmans objected, stating that Shaindy Fenton, Inc. lacked capacity to sue in California and was therefore an improper plaintiff.

In addressing the merits of this argument, it is apparent that the parties have overlooked the fact that the district court specifically designated Shaindy Fenton, Inc. as a co-plaintiff in the pretrial conference order.[2] The Freedmans' subsequent

---

58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) (footnotes omitted). Neither of these cases, however, involved a compulsory counterclaim that satisfied the jurisdictional amount. Until the Supreme Court has confronted the issue presented to us, we must follow the law of this circuit. *Cf. In re Duncan,* 713 F.2d 538, 541 n. 1 (9th Cir.1983); *Le Vick v. Skaggs Companies, Inc.,* 701 F.2d 777, 778 (9th Cir.1983).

**2.** The Pretrial Conference Order states the following:

Following Pretrial proceedings, pursuant to Federal Rules of Civil Procedure, Rule 16, and Local Rule 9 of this court
IT IS ORDERED
1.A. The parties are:
(1) *Plaintiff and Counter-Defendants:* Shaindy Fenton (Plaintiff) and Shaindy Fenton, Inc. (Plaintiff and Counter-Defendants).
(2) *Defendants and Counter-Claimants:* Gary A. Freedman, Richard Freedman and Judith Freedman.

motion to dismiss on the ground that Shaindy Fenton, Inc. was not a party to this action is not supported by the record.

■ The district court correctly joined Shaindy Fenton, Inc. in accordance with the Fed.R.Civ.P. 19(a) and 20(a). Rule 19(a) provides for the joinder of certain absent parties if "joinder will not deprive the court of jurisdiction." Here, both Shaindy Fenton and Shaindy Fenton, Inc. were citizens of the State of Texas. Since the Freedmans were citizens of California, complete diversity between the parties was preserved after the joinder. The court's action was also consistent with the requirements of Rule 20(a). Rule 20(a) provides that:

> all persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or, in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all these persons will arise in the action.

The district court's conclusion that Shaindy Fenton and Shaindy Fenton, Inc. were effectively the same entity is supported by the evidence. The acts of Shaindy Fenton as the sole shareholder and executive officer of Shaindy Fenton, Inc. were so intertwined with the acts of the corporation that the claims could have been filed jointly. The same questions of law or fact were common to both plaintiffs in this suit.

Further, contrary to the Freedmans' contention, Shaindy Fenton, Inc. did not lack capacity to sue in California. Rule 17 of the Federal Rules of Civil Procedure provides that a corporation's capacity to sue "shall be determined by the law under which it was organized." Shaindy Fenton, Inc. was organized under the laws of Texas. California's laws concerning the right of a corporation to file an action have no bearing on the capacity of a Texas corporation to maintain a federal action.

The district court did not abuse its discretion in joining Shaindy Fenton, Inc. as a party to this action.

### 4. Existence of Agency

The Freedmans contend that "the undisputed facts establish an agency relationship as a matter of law and the district court erred in finding [that] there was no substantial evidence because of a lack of evidence on its 'terms.'"

The Freedmans misstate the trial court's findings. In fact, the district court stated: "I find [that] there is not a preponderance of the evidence of the terms of any agency between Shaindy Fenton or Shaindy Fenton, Inc. and the defendants."

■ In a nonjury civil case, a claimant must satisfy the district court that the truth of each element of his claim has been demonstrated by a preponderance of the evidence. In determining whether a party has met this burden, the district court alone determines the credibility of the witnesses, and the weight to be attached to their testimony. *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 855–56, 102 S.Ct. 2182, 2188–89, 72 L.Ed.2d 606 (1982). Where more than one inference can be drawn from the evidence presented, the inference relied upon by the district court will not be set aside unless unreasonable as a matter of law. *Id.* at 855–56, n. 16, 102 S.Ct. at 2189 n. 16. We have stated that "this court must view the evidence in the light most favorable to the parties who prevailed below. Such parties must be given the benefit of all inferences that may reasonably be drawn from the evidence." *Thousand Springs Trout Farms v. IML Freight, Inc.*, 558 F.2d 539, 542 (9th Cir.1977), (*quoting Purer & Co. v. Aktiebolaget Addo*, 410 F.2d 871, 878 (9th Cir.), *cert. denied*, 396 U.S. 834, 90 S.Ct. 90, 24 L.Ed.2d 84 (1969).

■ In this diversity action, we are governed by the law of California in determining whether the claimants have met their burden of proof in establishing the existence of an agency. *See Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983) (substantive law of the forum state is applied in diversity actions). A party seeking to prove that an agency rela-

tionship existed must convince the trier of fact by a preponderance of the evidence that the person for whom the work is performed has the right to control the activities of the alleged agent. *Malloy v. Fong,* 37 Cal.2d 356, 370, 232 P.2d 241 (1951). It is not necessary to prove that the principal exercised his right of control or actually supervised the work of the agent, so long as the existence of the right is established from the facts. *De Suza v. Andersack,* 63 Cal.App.3d 694, 699, 133 Cal.Rptr. 920 (2d Dist.1976). Conversely, if control may be exercised only as to the *result* of the services performed and not the means and methods by which it is accomplished, then the provider is an independent contractor, and not an agent. *White v. Uniroyal, Inc.,* 155 Cal.App.3d 1, 25, 202 Cal.Rptr. 141 (1st Dist.1984). The district court implicitly found that the Freedmans did not demonstrate the requisite element of control by a preponderance of the evidence.

■ The evidence shows that Shaindy Fenton, through her corporation, Shaindy Fenton, Inc., provided art consultation services to numerous clients including the Freedmans. As an art specialist, Shaindy Fenton assisted her clients in obtaining valuable pieces of art from around the country. The Freedmans lacked expert knowledge of art, but desired to purchase paintings for investment purposes. They sought out Shaindy Fenton based on her well established reputation as a consultant. The Freedmans agreed that Fenton would advise them as to which artist's paintings were good investments and where their art works could be found. Fenton also promised to assist the Freedmans in purchasing art at the "best prices."

Pursuant to this arrangement, the Freedmans informed Fenton which artist they liked and the type of art they preferred. Fenton was given no instructions or directions by the Freedmans as to the conduct of her consulting services. The Freedmans relied on Fenton's discretion and expertise in finding specific pieces of art that might interest them. Fenton selected the art galleries and dealers and the works of art she introduced to her various clients, including the Freedmans.

After selecting a work of art, Fenton would purchase it from the art dealer or gallery on behalf of Shaindy Fenton, Inc. She would then resell the painting to one of her clients. When selling a work of art to a client, including the Freedmans, Fenton used a corporation invoice which showed Shaindy Fenton, Inc. as the seller of the art piece. The terms of the sale were set forth in the invoice without indicating the amount of the original purchase price paid by Fenton. The price charged to the client was established by Fenton without consultation with the Freedmans.

The foregoing evidence is sufficient to support an inference that Fenton acted independently of any client's control in performing her services. The district court was free to infer from the fact that the art galleries did not know that the Freedmans might purchase the paintings or bill them directly that Fenton was not acting as an agent under the control of the Freedmans in purchasing paintings.

Fenton's task was to find works of art that pleased her clients, including the Freedmans. The only degree of control exercised by the Freedmans over Fenton was to reject or accept her recommendations. The district court was free to infer from the conduct of the parties that Fenton acted as an independent contractor rather than as an agent of the Freedmans.

The Freedmans failed to establish the existence of an agency relationship as a matter of law. The district court's determination that agency was not demonstrated by a preponderance of the evidence was not clearly erroneous.

Each judgment is AFFIRMED.