**SWALLOW & ASSOCIATES, 1482 Old U.S. Route 23, Hartland, MI 48029, Plaintiff,**

v.

**HENRY MOLDED PRODUCTS, INC., a Pennsylvania Corporation, 71 North 16th Street, Lebanon, PA 17042, Defendant.**

Civ. A. No. 92–CV–40229–FL.

United States District Court, E.D. Michigan, S.D.

July 28, 1992.

Robert J. Whall, Livonia, Mich., for plaintiff.

Charles E. Gallagher, Brashear, Tangora and Spence, Livonia, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is the plaintiff's Motion to Remand. This case apparently is a contract dispute, and it was originally brought by the plaintiff in Circuit Court of Livingston County in Michigan. The plaintiff is a Michigan co-partnership, and the defendant is a Pennsylvania corporation. The defendant removed the case to this federal court on the basis of diversity.

The plaintiff's claim is for less than fifty thousand dollars, so on the face of the

complaint, the amount in controversy requirement of the diversity statute, 28 U.S.C. § 1332, has not been satisfied. Arguing that the amount in controversy must be determined from the complaint alone, the plaintiff seeks remand. The defendant has filed a counterclaim arising out of the same transaction, and alleging breach of confidentiality agreements which were entered into in conjunction with the signing of the exclusive sales contract which forms the basis of the plaintiff's claim. The defendant's counterclaim is for greater than fifty thousand dollars. The defendant argues that the damages pled in its counterclaim can be considered in determining whether the diversity statute's amount in controversy requirement has been met, and that this Court has diversity and removal jurisdiction. For the reasons which follow, the plaintiff's Motion to Remand is DENIED.

The existence of diversity of citizenship is not contested. The sole issue to be determined in disposing of the present motion to remand is whether the damages pled in the defendant's counterclaim may provide the basis for removal diversity jurisdiction. While courts have generally refused to consider the damages pled in permissive counterclaims, *Merchants Heat & Light Co. v. James B. Clow & Sons*, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488 (1907), there is a significant split of decisions when the counterclaim is compulsory under the law of the state in which the underlying claim was brought. *See* 14A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3706, n. 43 (1985), 1A J. MOORE, B. RINGLE & J. WICKER, MOORE'S FEDERAL PRACTICE, para. 0.167[8], pp. 499–503 (2d ed. 1991).

In the case at bar, the plaintiff/counter defendant (hereinafter "plaintiff") has not disputed the fact that the defendant/counter plaintiff's (hereinafter "defendant") counterclaim arises out of the same trans-

action as the original state court claim. Such a claim is compulsory under Michigan law.[1] Thus, a more refined statement of the issue confronting the Court is whether the damages pled in a compulsory counterclaim may be considered by the Court in determining whether there is a sufficient amount in controversy to satisfy the amount in controversy requirement of the diversity statute, 28 U.S.C. § 1332, and therefore form the basis for removal jurisdiction under 28 U.S.C. § 1441.

In support of its argument that its counterclaim should be considered in determining the amount in controversy to justify removal of this diversity case, the defendant relies upon a Ninth Circuit case, *Fenton v. Freedman*, 748 F.2d 1358 (9th Cir. 1984), which holds that the damage amount pled in a compulsory counterclaim is to be included in the calculation of the amount in controversy when determining the existence of diversity jurisdiction. *Id.* at 1359. *Fenton* does not involve the basis for exercising removal jurisdiction, however, since the original complaint was filed in federal court. In addition, a significant factor in the court's decision was the defendants' failure to object to the exercise of subject matter jurisdiction until the issue was raised on appeal. *See id.* Still, the Ninth Circuit has previously held "that a counterclaim that exceeded the necessary amount in controversy was sufficient to bring the case within the jurisdiction of the district court, 'regardless of the lack of jurisdictional averments in the bill of complaint.'" *Id.* (quoting *Roberts Mining & Milling Co. v. Schrader*, 95 F.2d 522 (9th Cir.1938)).

*Klepper v. First American Bank*, 916 F.2d 337 (6th Cir.1990) is cited by the plaintiff to show that the Sixth Circuit handles amount in controversy issues different from the way they are handled in the Ninth Circuit. The court in *Klepper* considered whether the district court retained diversity jurisdiction after the amount in contro-

---

1. Rule 2.203(A) of the Michigan Court Rules provides as follows:

    In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading,

if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

versy, though sufficient when originally pled, was reduced below the statutory minimum by the dismissal of several claims. Thus, *Klepper* states the general rule in such cases that the amount of damages pled in good faith by the plaintiff in the complaint provides the basis for calculating the amount in controversy for purposes of determining the existence of diversity jurisdiction, and subsequent events cannot destroy subject matter jurisdiction once it is established. *Id.* at 340 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), and *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir.1976)). The *Klepper* court does not consider whether the damages pled in a compulsory counterclaim can satisfy the amount in controversy requirement. It does not, as the plaintiff argues, demonstrate that the Sixth Circuit has assumed a position contrary to the Ninth Circuit's in this regard.

The defendant also cites *Lange v. Chicago, R.D. & P.R. Co.*, 99 F.Supp. 1 (D.Iowa 1951) in which the court decided to include the damages pled in the counterclaim because exclusive focus upon the damage claim pled by the plaintiff would

> encourage persons with small claims who might be subject to a claim by a nonresident for a very considerable amount to race to the State court of Iowa, and of states with similar procedural rules as to counter-claims, in order that they might be first to sue and thus deprive the nonresident of his right to resort to the United States district courts.

*Id.* at 3.

This reasoning was cited by the authors of Moore's Federal Practice, *see* 1A J. MOORE, B. RINGLE & J. WICKER, MOORE'S FEDERAL PRACTICE, para. 0.167[8] (2d ed. 1991), but the authors of that treatise offered arguments for the opposite conclusion. Some courts have refused to consider the counterclaim's damages because of Congress' intent to limit removal jurisdiction. As a result, the language of the removal statute must be interpreted strictly, and "the absence of a manifested intent that counterclaims be considered should preclude consideration." *Id.; see also* cases cited therein.

The parties have not referred the Court to any Sixth Circuit case that has considered this issue, so I feel free to give consideration to the arguments presented in MOORE'S and WRIGHT & MILLER. I perceive the arguments, for and against including the damages pled in a compulsory counterclaim in the calculation of the amount in controversy, in a diversity case in which the defendant seeks removal jurisdiction, as follows.

In support of inclusion, is the issue of fairness, as described above in *Lange, supra.* Unlike the permissive counterclaim, the compulsory counterclaim must be pled in response to the underlying claim which arises from the same transaction or occurrence. The defendant who possesses such a compulsory counterclaim, which independently satisfies the federal jurisdictional requirements, and whose opponent rushes to state court with a relatively insignificant claim that fails to meet jurisdictional requirements, will lose his federal forum if the damages he would plead in his counterclaim are ignored by the court as it determines the amount in controversy.[2]

---

**2.** Professor Moore disputes this argument, asserting that two parallel actions arising out of the same transaction may proceed concurrently. MOORE'S FEDERAL PRACTICE, *supra* para. 0.167[8]. Such a situation is not satisfactory, however.

> When a plaintiff brings an action in a state court on a claim for less than the federal jurisdictional amount against a defendant who has a federally cognizable permissive counterclaim, the defendant may gain access to a federal forum by asserting his claim in an original complaint. However, if the claims of the plaintiff and the defendant both arise out of the same transaction or occurrence, enter-

taining the defendant's independent action in a federal court would result in two simultaneous trials on the same facts, and a race to judgment if collateral estoppel is a significant factor. In such a situation the federal court might grant a stay by reference to the federal policy expressed in Rule 13(a); or if the defendant's claim is a compulsory counterclaim under the law of the state in which the plaintiff's action is brought, the federal court may be required to dismiss. Either of these dispositions effectively deprives the defendant of a federal adjudication and compels him to litigate his claim in a court of a state in which he

■ Against inclusion is the argument that the Congress has demonstrated an intent to limit the removal and diversity jurisdiction of the federal courts. Since the removal and diversity statutes do not specifically permit consideration of any counterclaims, the statutes should be interpreted strictly to prohibit such consideration and defeat removal jurisdiction that is based on the damages pled in the compulsory counterclaim. I agree with the first part of this argument and concede that the statutes should be interpreted strictly. The second half of the argument against inclusion, however, fails to read the statute in the strict manner advocated by the first half.

■ Exclusion of the counterclaim's damages would be consistent with a strict reading if the statute referred to the damage amount pled in the original complaint. The diversity statute, however, requires consideration of "the amount in controversy."

> [I]f the jurisdictional amount requirement serves any salutary function it is to measure the substantiality of the claim. We believe that the substantiality of the claim can best be gauged by reference to what is actually at stake in the litigation rather than by strict reference to plaintiff's claim for relief.

Moore's Federal Practice, *supra* para. 0.167[8]. The amount in controversy requirement plainly serves as a tool to reduce the number of claims subject to federal jurisdiction, but the tool distinguishes between those claims that are worthy of consideration by the federal bench and those that are not on the basis of the substantiality of the amount in controversy. Thus, even in discouraged removal and diversity cases, I conclude that consideration of the amount in controversy should include, consistent with Professor Moore's view quoted

above, the damages pled in a compulsory counterclaim. Such a conclusion is not contrary to a strict reading of the statute's language, and avoids the ridiculous result that would sacrifice the choice of forum of the litigant with the greater monetary interest at stake.

Because the damages pled in the defendant's compulsory counterclaim exceed the amount in controversy prerequisite to federal diversity jurisdiction, this case was removed providently. For these reasons, the plaintiff's Motion to Remand is DENIED.

SO ORDERED.

---

is a stranger, contrary to the apparent purpose of the removal statute and diversity jurisdiction. A desirable solution to the dilemma would be to permit removal of the entire case; such action seems neither to be inconsistent with the jurisdictional-amount limitations nor to expand federal jurisdiction, since the case would have been retained had it been initiated by the defendant in a federal court with the plaintiff's claim a compulsory counterclaim.

Note, *Federal Jurisdictional Amount: Determination of the Amount in Controversy,* 1960 Harv. L.Rev. 1369, 1379–80, *quoted in* 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3706, n. 43 (1985).