**MESA INDUSTRIES, INC., an Arizona corporation, Plaintiff,**

v.

**EAGLEBROOK PRODUCTS, INC., an Illinois corporation, Defendant.**

**No. CIV–97–1252–PHX–ROS.**

United States District Court, D. Arizona.

Oct. 10, 1997.

---

Robert S. Porter, Ellis Baker & Porter Ltd., Phoenix, AZ, Robert J. Bruno, Phoenix, AZ, for Plaintiff.

Andrew F. Halaby, Snell & Wilmer LLP, Phoenix, AZ, Timothy J. Chorvat, Jenner & Block, Chicago, IL, for Defendant.

## ORDER

SILVER, District Judge.

## BACKGROUND

On May 5, 1997, Plaintiff Mesa Industries, Inc., an Arizona corporation, commenced this action against Eaglebrook Products, Inc., an Illinois corporation, in the Superior Court for Maricopa County alleging breach of contract and unjust enrichment. Plaintiff requested damages in the amount of $63,350.40 plus attorney's fees in an amount no less than $4,500.

On June 12, 1997, Defendant removed this action pursuant to 28 U.S.C. § 1446. Defendant asserted that this Court had original jurisdiction over the action pursuant to 28 U.S.C. § 1332 because Defendant's compulsory Counterclaim,[1] which was filed on the same day as the Notice of Removal, "places the matter in controversy in excess of the $75,000 jurisdictional amount." (Notice of Removal ¶ 3.) Plaintiff filed a reply to the Counterclaim on August 8, 1997.

Meanwhile, on August 5, 1997, Plaintiff filed a Motion for Remand.

## DISCUSSION

■ The removal statute, 28 U.S.C. § 1441, provides in relevant part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Courts strictly construe the removal statute against removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). "Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Id.* (emphasis added).

■ In a diversity case instituted by the plaintiff in state court and removed by the defendant to federal court, there is a *"strong presumption* that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court...." *St. Paul*

---

1. Defendant's Counterclaim alleges causes of action based on breach of warranty, breach of contract, misrepresentation, and unjust enrichment. In addition to seeking damages in excess of $75,000, Defendant seeks a declaratory judgment, attorney's fees, interest, and costs.

*Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938) (emphasis added); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 375 (9th Cir.1997). This "strong presumption" against removal jurisdiction means that the defendant always bears the burden of proving that removal is proper. *Gaus,* 980 F.2d at 566. To determine whether the jurisdictional amount has been met, courts may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. *Singer,* 116 F.3d at 377 (citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335–36 (5th Cir.1995)). Courts may also consider facts in the removal petition and may require parties to submit summary-judgment type evidence. *Singer,* 116 F.3d at 377.

■ Because the existence of diversity of citizenship is undisputed, the sole issue presented by the Motion for Remand is whether Defendant can meet its burden by claiming that its compulsory counterclaim against Plaintiff should be considered in determining the amount in controversy. In support, Defendant relies upon *Fenton v. Freedman,* 748 F.2d 1358 (9th Cir.1984).

*Fenton* is distinguishable. In that case, the plaintiffs filed a diversity action in federal court alleging damages against the three defendants in the amount of $6,000, $7,850, and $70,000, respectively. The three defendants filed compulsory counterclaims each exceeding $10,000 (the amount in controversy requirement then in effect) After the district court entered judgment in favor of the plaintiffs and denied the defendants' counterclaims, the defendants appealed on the ground that the district court lacked subject matter jurisdiction over two of the plaintiffs' claims (i.e., the claims for $6,000 and $7,850). The Ninth Circuit held that the district court had jurisdiction over each of the plaintiffs' claims based on the law of the circuit because each of the defendants' compulsory counterclaims exceeded $10,000. The Ninth Circuit relied upon *Roberts Mining & Milling Co. v. Schrader,* 95 F.2d 522 (9th Cir.1938), for the

proposition that "a counterclaim that exceeded the necessary amount in controversy was sufficient to bring the entire case within the jurisdiction of the district court, 'regardless of the lack of jurisdictional averments in the bill of complaint.'" *Fenton,* 748 F.2d at 1359 (quoting *Roberts Mining,* 95 F.2d at 524). The Ninth Circuit also noted that the defendants "did not object to the district court's exercise of jurisdiction prior to the filing of their compulsory counterclaim but, rather, raised the issue for the first time on appeal." *Fenton,* 748 F.2d at 1359.

As many courts have recognized, *Fenton* did not involve the removal of a state court case to federal court.[2] *Gulf–South Piling & Constr., Inc. v. Traylor Brothers, Inc.,* No. CIV A. 97–0861, 1997 WL 332410, at *3 n. 6 (E.D.La. June 12, 1997) (noting that the *Fenton* court did not construe removal statutes strictly and in favor of the non-moving party); *Continental Ozark, Inc. v. Fleet Supplies, Inc.,* 908 F.Supp. 668, 670 n. 3 (W.D.Ark.1995) (noting that *Fenton* did not involve the removal of a state court case); *Meridian Aviation Serv. v. Sun Jet Int'l,* 886 F.Supp. 613, 615 n. 1 (S.D.Tex.1995) (noting that the *Fenton* court did not construe removal statutes strictly and in favor of the non-moving party); *Iowa Lamb Corp. v. Kalene Indus., Inc.,* 871 F.Supp. 1149, 1157 (N.D.Iowa 1994) (noting that *Fenton* did not deal with removal jurisdiction, but only with original jurisdiction in federal courts); *Swallow & Assocs. v. Henry Molded Products, Inc.,* 794 F.Supp. 660, 661 (E.D.Mich.1992) (noting that *Fenton* did not involve removal jurisdiction); *Oliver v. Haas,* 777 F.Supp. 1040, 1042 (D.P.R.1991) (noting that *Fenton* dealt with obtaining original jurisdiction in federal court and not the concept of removal). Thus, the Ninth Circuit did not analyze the issue of subject matter jurisdiction within the context of the removal statute. That is, the Ninth Circuit did not apply a "strong presumption" that the plaintiff in a suit instituted in a state court and thereafter removed to federal court has not claimed a large amount in order to confer jurisdiction on a

---

**2.** This Court recognizes that the sole Ninth Circuit decision cited as authority in *Fenton,* i.e., *Roberts Mining,* was not a removal case either.

That case was brought in the first instance in the District of Nevada as a diversity action.

federal court. *St. Paul Mercury*, 303 U.S. at 290, 58 S.Ct. at 591. The Ninth Circuit has elsewhere cited the "strong presumption" against removal jurisdiction as a prime example of how "the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction." *Gaus*, 980 F.2d at 566. In addition, the *Fenton* court did not apply the well-established rule that removal jurisdiction must be *strictly construed*. *Shamrock Oil*, 313 U.S. at 108–09, 61 S.Ct. at 872; *Gaus*, 980 F.2d at 566. This Court is not aware of any case authority within the Ninth Circuit applying *Fenton* in the context of assessing removal jurisdiction.

Further, the Ninth Circuit explicitly relied upon the failure to timely object to the district court's assumption of jurisdiction as a basis to find jurisdiction in *Fenton*. Indeed, the failure to object to the district court's exercise of jurisdiction was a crucial factor in *Fenton*, see *Swallow*, 794 F.Supp. at 661 ("a significant factor in the [*Fenton*] court's decision was the defendants' failure to object to the exercise of subject matter jurisdiction until the issue was raised on appeal"), and in *Roberts Mining*, the latter of which was construed by the *Fenton* court as the binding law of the circuit. To illustrate, in *Roberts Mining*, the plaintiff and defendant filed claims and counterclaims against each other arising out of mining claims, but failed to state the value of those claims. 95 F.2d at 523–24. Instead of objecting to jurisdiction, the parties simply denied the allegations of the complaint and counterclaim. *Id.* The Ninth Circuit noted that neither the plaintiff nor the defendant "took ... advantage" of the other party's failure to satisfy the amount in controversy requirement. *Id.* Subsequently, the defendant filed an amended counterclaim that satisfied the then-applicable $3,000 amount in controversy requirement. Significantly, the Ninth Circuit took the jurisdictional allegations as true and concluded that the district court had jurisdiction after the filing of the amended counterclaim because: (1) there was no reply to the amended counterclaim; (2) the jurisdictional allegations of the amended counterclaim were never denied or disproved; (3) the district court had made no inquiry into the truth or falsity of the jurisdictional allegations;

and (4) the district court made no express finding in reference to the jurisdictional allegations. *Id.* at 524.

Unlike the situation in *Fenton* or in *Roberts Mining*, the party objecting to the exercise of jurisdiction in the instant case did not wait until judgment had been entered and a notice of appeal had been filed before objecting. Plaintiff objected to this Court's assumption of jurisdiction at a very early stage in this litigation and prior to filing a reply to the Counterclaim.

Moreover, the great weight of authority favors Plaintiff's position that the amount of a counterclaim may not be considered in determining the amount in controversy. *See, e.g., Gulf–South*, 1997 WL 332410, at *3 (noting that the refusal to allow counterclaims into the amount in controversy calculus is consistent with the policy of allowing plaintiffs to be the master of their claims); *Continental Ozark*, 908 F.Supp. at 671 (noting that the majority of courts faced with the issue have held that the amount in controversy is to be determined solely by reference to the plaintiff's complaint); *Meridian Aviation*, 886 F.Supp. at 615 n. 1 (same); *Iowa Lamb*, 871 F.Supp. at 1157 (agreeing with "decisions holding that a counterclaim, whether compulsory or not, cannot play any part in establishing the amount in controversy necessary for diversity jurisdiction"); *HRP Corp. v. Miller*, No. 92–0993, 1992 WL 220698, at *1 (M.D.Pa. Sept.4, 1992) ("the great weight of authority proclaims that the amount in controversy requirement cannot be met by considering a defendant's counterclaim"); *Oliver*, 777 F.Supp. at 1042 ("If Congress had intended to allow the use of defendant's counterclaim in satisfying the jurisdictional amount, it would have explicitly stated so."); *Michael F. Ronca & Sons, Inc. v. Monarch Water Systems, Inc.*, No. 90–5029, 1990 WL 140154, at *2 (E.D.Pa. Sept.24, 1990) (noting that not considering the counterclaim is consistent with the great weight of authority); *Video Connection of America v. Priority Concepts, Inc.*, 625 F.Supp. 1549, 1551 (S.D.N.Y.1986) (noting that a counterclaim does not affect the amount in controversy); *Williams v. Beyer*, 455 F.Supp. 482, 484 (D.N.H.1978); *Cabe v. Pennwalt Corp.*, 372 F.Supp. 780, 783

(W.D.N.C.1974) ("The removal statute clearly indicates that it was the intent of Congress to limit removal jurisdiction, and there is a total absence of any manifested intent that counterclaims, either permissive or compulsory, should be considered in determining the jurisdictional amount."); *cf. Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir.1984) ("Removal of an action ... depends solely on the nature of the plaintiff's complaint....") ("The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action."). Because Defendant has failed to meet its burden of establishing that this Court has subject matter jurisdiction, remand is required. 28 U.S.C. § 1447(c).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Remand (Doc. # 12) is granted.