**LANGE v. CHICAGO, R. I. & P. R. CO.**

**Civ. No. 1–82.**

United States District Court
S. D. Iowa, Davenport Division.

May 22, 1951.

Herschel G. Langdon (of Herrick & Langdon), Des Moines, Iowa, for plaintiff.

A. B. Howland (of Gamble, Read, Howland, Gamble & Riepe), Des Moines, Iowa, for defendant.

RILEY, District Judge.

This matter comes on to be heard upon the plaintiff's motion to remand the case to the District Court of Iowa in and for Muscatine County. The matter has been fully presented by counsel, both orally and in comprehensive written briefs.

It is recognized that the right of removal and the right initially for the defendant to have started its action in this court exists solely by reason of congressional enactment. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226.

Plaintiff commenced an action in the District Court of Iowa, in and for Muscatine County, for the recovery of $816 claimed as damages sustained in a collision with defendant's train at a railroad crossing. Defendant accompanied its answer with a counterclaim for $3300 damages alleged to have been sustained to its equipment. Each claim is bottomed on the negligence of the other party.

Plaintiff's action, in the absence of the counterclaim, did not permit removal because, despite diversity of citizenship, the jurisdictional amount was not initially stated. Defendant's counterclaim was compulsory under the Iowa Rules of Civil Procedure, Rule 29. By appropriate pleading in its answer and counterclaim, defendant absolved itself from the charge of volun-

tary submission to the jurisdiction of the State court, made appropriate allegations of its purpose to remove, filed a timely and sufficient petition and bond for removal, and did remove.

The diversity of citizenship is not questioned. The only question here is whether in determining the jurisdictional amount, consideration may be given to that asked in the defendant's counterclaim.

Plaintiff contends that the only amount to be considered in resolving the question of the right to remove is that claimed by plaintiff in his "initial pleading setting forth the claim for relief upon which such action or proceeding is based * * *." Title 28 U.S.C.A. § 1446(b). He urges that Congress limited the authorization by the language quoted above and we may not enlarge by interpretation. We believe that what we here decide does not enlarge—it but recognizes—the congressional purpose to confer the right of removal on a defendant when the prescribed diversity of citizenship and matter in controversy exist.

Title 28 U.S.C.A. § 1332 confers on this court the obligation to accept jurisdiction where the requisite tests are met. Certainly we may not avoid nor divest ourselves of that jurisdiction by an over-strict construction of the technique provided by Congress for getting from the State court to this court. It has been said that a duty declared by Congress does not evaporate for want of a formulated sanction. See in this connection, Texas & N. O. R. Co. v. Brotherhood of Railway & S. S. Clerks, 281 U.S. 548, 569, 50 S.Ct. 427, 433, 74 L. Ed. 1034, where in discussing a definite prohibition inserted by Congress in an Act, the court said: "As the prohibition was appropriate to the aim of Congress, and is capable of enforcement, the conclusion must be that enforcement was contemplated."

Likewise, it may be said of Section 1332 that if the jurisdiction was appropriate to the aim of Congress and is capable of enforcement, the conclusion must be that enforcement was contemplated. Surely it may not be contended that it was the intention of Congress to confer jurisdiction on this court by Section 1332 to entertain civil actions of the nature there described, between citizens of different states, and then deprive them of the machinery to reach our jurisdiction.

In the instant case the defendant had no alternative under the Iowa practice, Rule 29, supra, but to assert or lose forever a right to assert the counterclaim in the action commenced in the State court. The "matter in controversy" here is not the amount which the plaintiff claims, but is also that which under necessity the defendant must assert to be litigated if it is to resist the plaintiff's demands and enforce its own. The protection of its rights compels the assertion of its demands. It is deprived of any choice.

The Iowa Rules of Civil Procedure, rule 29, made it compulsory for this defendant when sued in this action to assert " * * * a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim * * *. A final judgment on the merits shall bar such a counterclaim, although not pleaded."

This gave to the defendant no choice in the state court but to assert or lose its counterclaim. It asserted it for $3300 with this prefatory statement: "Defendant, therefore, sets forth its claim against plaintiff herein by way of counterclaim, and states and shows the court that it does so only for the purpose of setting forth diversity of citizenship and the requisite amount necessary to render the cause removable to the United States District Court for the Southern District of Iowa, Davenport Division, and not for the purpose of submitting itself generally to the jurisdiction of the court."

Contemporaneously defendant filed its petition for removal to this court, alleging: "4. As grounds for the removal of said action to this court defendant, Chicago, Rock Island and Pacific R. R. Company, states and shows the court that under the laws of the State of Iowa and the rules of civil procedure governing the prosecu-

tion of actions in the courts of the State of Iowa, this defendant may not institute any suit or claim against plaintiff for damages to its property or equipment in any other action in any court in the State of Iowa, or in the United States, but is required to litigate any claim arising out of the collision referred to in plaintiff's petition by way of counterclaim in the action above referred to. This defendant thereupon states and shows the court that the said suit instituted by Donald E. Lange in the District Court of Muscatine County, Iowa, is a civil action wherein the matter in controversy exceeds the sum of Three Thousand Dollars, exclusive of interest and costs, and the controversy therein is wholly between citizens of different states, to wit: between a citizen of the State of Iowa, and a citizen of the State of Delaware."

■ We find that the defendant has asserted a timely counterclaim; that it was asserted under compulsion; that in doing so it has not voluntarily submitted itself to the jurisdiction of the State court; that the requisite diversity of citizenship existing, the matter in controversy is an amount which gives this court jurisdiction; and that defendant has the right to bring the matter here for trial.

The case of United Artists Corp. v. Ancore Amusement Corp., D.C., 91 F.Supp. 132, is not persuasive. The removing party there had another choice and did not lose the right elsewhere to declare upon the matter asserted in the counterclaim. Here there is no choice of a separate later action by defendant in this court or elsewhere, because the judgment in the state court would become res judicata. Likewise, in Stuart v. Creel, D.C., 90 F.Supp. 392, the defendant elsewhere could litigate the question sought to be raised in his counterclaim. But here, the situation is like that in Wheatley v. Martin, D.C., 62 F.Supp. 109, 114, where it was said: "This court is required to recognize the State statute and leaves the court free to protect the right of a nonresident de-fendant to a removal of the suit to a Federal court."

In that case, as here, the filing of the counterclaim was compulsory and the right to removal was recognized. This court is persuaded by its reasoning rather than that of the other cases cited. The opinion in Wheatley v. Martin, supra, contains a comprehensive discussion of this entire question. It concludes with this statement: "It is essential to the ends of justice and the protection of her rights as a nonresident that she be permitted as such nonresident defendant to remove the cause to this court."

In the case of Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 869, 85 L.Ed. 1214, the counterclaim which provided the jurisdictional amount and prompted the plaintiff to apply for removal "was separate and distinct from the alleged indebtedness sued upon by the petitioner." The matter of a compulsory counterclaim on which we believe we must base our conclusion was not there involved.

■ To hold as plaintiff contends that we may look only to the amount stated in the plaintiff's complaint, would be to encourage persons with small claims who might be subject to a claim by a nonresident for a very considerable amount to race to the State court of Iowa, and of states with similar procedural rules as to counterclaims, in order that they might be first to sue and thus deprive the nonresident of his right to resort to the United States district courts. It was well said by the United States Supreme Court, speaking through Ellsworth, C. J., in 1798, in Wilson v. Daniel, 3 Dall. 400, 404, 1 L.Ed. 655, regarding the "matter in dispute": "It is not to be presumed, that the legislature (Congress) intended to give any party such an advantage over his antagonist; and it ought to be avoided, as it may be avoided, by the fair and reasonable interpretation, which has been pronounced."

The motion to remand should therefore be overruled.