**MERIDIAN AVIATION SERVICE,**
**Plaintiff,**

v.

**SUN JET INTERNATIONAL, Defendant.**

Civ. A. No. 95–886.

United States District Court,
S.D. Texas,
Houston Division.

May 4, 1995.

Brett W. Arnold, Calvin Gibbs & Verner, Houston, TX, for Meridian Aviation Service Inc.

Stephen E. Price, Freedman Hull Mathews Hanlon & Price, Houston, TX, for Sun Jet Intern. Inc.

## ORDER

HITTNER, District Judge.

Pending before the Court is the motion to remand filed by plaintiff Meridian Aviation Service ("Meridian"). Having considered the motion, the submissions on file, and the applicable law, the Court determines that the motion should be granted.

Meridian originally filed this action in County Civil Court at Law No. 4 of Harris County, Texas alleging breach of contract claims. Defendant Sun Jet International ("Sun Jet") removed this action to federal court, asserting federal subject matter jurisdiction over this action based on diversity of citizenship between the parties. Defendant further asserted that the amount in controversy exceeded the jurisdictional minimum of $50,000. Meridian now moves to remand this action based on lack of subject matter jurisdiction. Specifically, Meridian contends that the amount in controversy is less than $50,-000.

■ A party removing an action to federal court, has the burden of establishing federal subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Moreover, when the removing party asserts that the amount in controversy exceeds the jurisdictional threshold, that party must establish that "the plaintiff would, if successful, recover at least the minimum jurisdictional amount." *Kliebert v. Upjohn Co.,* 915 F.2d 142, 146 (5th Cir.1990).

Sun Jet attempts to meet its burden by proposing that their compulsory counterclaim against Meridian should be considered in determining the amount in controversy. In

support of this argument, Sun Jet relies on *Swallow & Assoc. v. Henry Molded Prod., Inc.*, 794 F.Supp. 660 (E.D.Mich.1992). In *Swallow & Assoc.*, the Michigan court, facing the identical issue as is now before this Court, held that the amount of a compulsory counterclaim may be considered in determining whether the $50,000 threshold was met. While recognizing that the removal statute should be strictly interpreted, the court nonetheless determined that the total damages at issue, including those alleged in a counterclaim, should be considered.

While the Fifth Circuit has not addressed this issue, the position taken in *Swallow & Assoc.* appears to be against the weight of authority. The majority of courts that have considered this issue have determined that the amount in controversy is found solely by reference to the plaintiff's original complaint. *See e.g. Shaw v. Dow Brands*, 994 F.2d 364, 366 (7th Cir.1993) ("the amount in controversy [is determined] by merely looking at plaintiff's state court complaint . . ."); *Martin Pet Prod. v. Lawrence*, 814 F.Supp. 56, 58 (D.Kan.1993) (holding that Tenth Circuit precedent precludes consideration of counterclaims in deciding amount in controversy); *Video Connection of Am. v. Priority Concepts, Inc.*, 625 F.Supp. 1549, 1551 (S.D.N.Y. 1986) (holding that only the contents of the state court petition may be considered for purposes of the amount in controversy). *But see, Fenton v. Freedman*, 748 F.2d 1358 (9th Cir.1984) (holding that a compulsory counterclaim in excess of the jurisdictional minimum was sufficient to establish subject matter jurisdiction).[1]

■ This Court agrees with those decisions holding that counterclaims may not be utilized in calculating the amount in controversy. A rule permitting consideration solely of the amount stated plaintiff's petition has several advantages. Such a standard is consistent with the "well-pleaded complaint rule"

which holds that as a general rule, federal question jurisdiction is to be determined solely by reference to the plaintiff's complaint. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989). Defenses or counterclaims which implicate federal law are insufficient to confer federal jurisdiction in the absence of some other consideration such as federal preemption of state law. *E.g. Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157 (5th Cir.1989), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir.1985). In the same manner, the amount in controversy for purposes of determining federal jurisdiction should also be determined based solely on the plaintiff's complaint.

Furthermore, if counterclaims are to be considered, it is clear this rule must be limited to compulsory counterclaims.[2] Therefore, if compulsory counterclaims were considered, federal subject matter jurisdiction would be reliant on state law distinctions between compulsory and permissive counterclaims. Finally, this approach is consistent with the policies of construing removal statutes narrowly and allowing plaintiffs to be the master of their claims. *E.g. Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Accordingly, the Court determines that it must look solely to Meridian's state court petition in deciding whether jurisdiction exists.

■ Meridian's petition does not contain any statement as to alleged damages. However, in their motion to remand, Meridian attached an affidavit of their attorney to the effect that the amount in controversy is less than $50,000. Of greater significance, it appears that in removing, Sun Jet relied solely on their counterclaim, having advanced no arguments that Meridian's claim exceeds $50,000. As it is Sun Jet's burden to estab-

---

1. The Court notes that *Fenton* did not involve the removal of a state court case and therefore the court was not faced with defining "amount in controversy" against the background of the policy of construing removal statutes strictly and in favor of the non-removing party.

2. As permissive counterclaims do not arise out of the same transaction or occurrence as the original claim, they are, by definition, not part of the same controversy as the original claim. Consequently, it would be inappropriate to aggregate the amount of the permissive claim with that of the original claim in calculating the amount in controversy.

lish jurisdiction, the Court holds that this action must be remanded to state court for lack of subject matter jurisdiction. It is therefore

ORDERED that the motion to remand is GRANTED. All other relief not specifically granted herein is DENIED.