**CONTINENTAL OZARK, INC., Plaintiff,**

v.

**FLEET SUPPLIES, INC., Defendant.**

**Civ. No. 95–5236.**

United States District Court,
W.D. Arkansas,
Fayetteville Division.

Dec. 22, 1995.

---

Jim H. Boyd, Continental Ozark, Inc., Fayetteville, AR, for plaintiff.

W. Asa Hutchinson, Karr, Hutchinson & Stubblefield, Ft. Smith, AR, Eli Manos, Mansour, Gavin, Gerlack & Manos Co. LPA, Cleveland, OH, for defendants.

### *MEMORANDUM OPINION*

H. FRANKLIN WATERS, Chief Judge.

This case is currently before the court on the plaintiff's motion to remand. Continental Ozark filed this action on November 1, 1995, in the Circuit Court of Washington County. The complaint asserts a breach of contract cause of action arising out of a gasoline sales contract. The complaint prays for damages in the amount of $33,364.80.

The defendant filed a motion to quash service of summons upon it and a motion to dismiss the action for lack of personal jurisdiction. On November 16, 1995, defendant filed a notice of removal. In the notice the defendant asserts that the action is removable because of the existence of diversity of citizenship and the requisite amount in controversy. With respect to the amount in controversy, defendant contends the jurisdictional minimum is met by considering its counterclaim for wrongful termination of the sales contract. Defendant states the damages for wrongful termination of the contract exceed $50,000. It is defendant's contention

that this claim would constitute a compulsory counterclaim under Arkansas law.

Continental Ozark now moves to remand this action based on lack of subject matter jurisdiction. Specifically, Continental contends the amount in controversy as stated in its complaint is less than $50,000. Continental's position is that the amount in controversy is to be determined without reference to any potential counterclaim of the defendant whether the counterclaim is permissive or compulsory.

Fleet Supplies contends that in determining whether the requisite amount in controversy exists the court must consider the total amount of damages at issue including those sought in a compulsory counterclaim. Fleet indicates it has not yet filed the counterclaim because it was required under the applicable procedural rules to raise the personal jurisdiction issue prior to filing an answer and counterclaim. However, it asserts that it will be compelled under Rule 13(a) of the Arkansas Rules of Civil Procedure to file any counterclaim arising out of the same transaction at issue.[1]

The existence of diversity of citizenship is uncontested. Thus, the sole issue presented by the motion to remand is whether the amount in controversy can be met by reference to a compulsory counterclaim.

■■■ There appears to be no clear answer to this question. "The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes." *Schwinn Bicycle Co. v. Brown*, 535 F.Supp. 486, 487 (W.D.Ark.1982) (citations omitted). *See also* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3702 (2d Ed.1985) (hereinafter *Federal Practice and Procedure* ). The re-

moval statutes are to be strictly construed in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Any action taken by a federal court which lacks subject matter jurisdiction is a nullity and either party, even the party that invoked the jurisdiction of the court, can attack jurisdiction at any time even after judgment is rendered against him. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

■■■ When the right to remove is premised on diversity of citizenship, the basic principles of diversity jurisdiction apply. The determination of whether the amount in controversy requirement is met is made on the basis of the record at the time of removal. *Federal Practice and Procedure* § 3725. Ordinarily, this means that the federal court must determine the amount involved in the cause of action set out in plaintiff's state court complaint. *Id.* at 417.

Whether the court may also look in removal actions to the amount at issue in a compulsory counterclaim has been the subject of some debate. The courts have not reached unanimous results and the Court of Appeals for the Eighth Circuit appears not to have spoken on this point.[2] *See e.g., Meridian Aviation Service v. Sun Jet Intern.*, 886 F.Supp. 613 (S.D.Tex.1995) (compulsory counterclaims may not be considered in determining the amount in controversy); *Swallow & Associates v. Henry Molded Products, Inc.*, 794 F.Supp. 660 (E.D.Mich.1992) (compulsory counterclaims may be considered in determining the amount in controversy).[3]

A well known treatise on federal procedural law contains the following discussion of this issue:

The traditional rule has been that no part of the required amount can be met by

---

1. In its notice of removal, defendant states its claim against the plaintiff was previously filed in the Court of Common Pleas, Cuyahoga County, Ohio.

2. This is, perhaps, not unusual as orders of remand are ordinarily not appealable. 28 U.S.C. § 1447(d). *See also* 14A Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal*

*Practice and Procedure* § 3740 (2d Ed.1985 & Supp.1995).

3. In *Fenton v. Freedman*, 748 F.2d 1358 (9th Cir.1984) the court held that a compulsory counterclaim in excess of the jurisdictional minimum was sufficient to establish subject matter jurisdiction. However, this case did not involve the removal of a state court case.

considering a defendant's counterclaim. This rule surely is sound with respect to permissive counterclaims. But the problem is more complicated when defendant has been compelled by state law to assert the counterclaim. [T]he practical consequence of denying removal in these circumstances is that a party who wins the race to the courthouse by asserting a small claim in a state court can compel his adversary to litigate any transactionally related claim in that court, even though the opponent's claim is for far more than the amount required for federal jurisdiction and the other prerequisites for removal have been met. This result is certainly undesirable, particularly since the courts so holding point to no specific statutory language that requires this result. [S]ince removal statutes are silent as to amount in controversy, it would be perfectly consistent with the statute to hold that a claim arising from the transaction sued on and which, according to the relevant state law, either must be asserted in the action or forever be barred, is in controversy for jurisdictional amount purposes.

*Federal Practice and Procedure* § 3725 at 428–30 (footnotes omitted). *See also Federal Practice and Procedure* § 3706.

The majority of the courts faced with this issue have held that the amount in controversy is to be determined solely by reference to the plaintiff's complaint. *See Meridian Aviation,* 886 F.Supp. at 615 and cases cited therein. In *Meridian Aviation* the court adopted the rule that compulsory counterclaims could not be considered in calculating the amount in controversy. Instead, the amount in controversy was to be determined solely from the complaint. In so holding, the court noted that this standard was consistent with the "well-pleaded complaint rule" and with the rule that defenses or counterclaims which implicate federal law are insufficient to confer federal jurisdiction. *Id.* The court also noted that "if compulsory counterclaims were considered, federal subject matter jurisdiction would be reliant on state law distinctions between compulsory and permissive counterclaims." *Id.* Finally, the court noted this approach was "consistent with the policies of construing removal statutes narrowly

and allowing plaintiffs to be the master of their claims." *Id.* (citations omitted).

Other courts have also pointed out that the removal statute does not make reference to the use of a counterclaim in satisfying the jurisdictional amounts. *Iowa Lamb Corp. v. Kalene Industries, Inc.,* 871 F.Supp. 1149, 1156 (N.D.Iowa 1994). In *Iowa Lamb* the court was presented with a notice of removal filed prior to any counterclaim being asserted. The court concluded "it should base its evaluation of the propriety of removal on the amount of controversy alleged in the complaint alone, the only claim removed to federal court." *Id.* at 1157.

On this basis, the court found removal jurisdiction lacking. Nevertheless, the court went on to state that it agreed with the cases holding that a compulsory counterclaim could not "play any part in establishing the amount in controversy necessary for diversity jurisdiction." *Id.* It stated:

> To hold that a compulsory counterclaim, but not a permissive one, could establish removal jurisdiction might surrender federal removal jurisdiction to the inconsistencies of state laws concerning compulsory and permissive counterclaims. Federal removal jurisdiction should not vary depending on the state in which claims have originally been brought. Consistent application of the rule that the complaint at the time of removal determines the amount in controversy, as does the complaint in cases originally brought in federal court, also provides litigants with beneficial certainty concerning the appropriate forum for resolution of their disputes. Certainty about the appropriate forum would assist in reducing cost and delay in civil litigation as parties would not be put to the necessity of challenging or defending removals based on the amount in controversy in a counterclaim. In light of these conclusions, this matter shall be remanded to state court because the original claim alone does not provide a basis for federal court jurisdiction.

*Id.*

The *Swallow* case reached the opposite result. In so doing, the court gave consider-

ation to the concerns voiced in *Federal Practice and Procedure,* cited *supra,* and 1a J. Moore B. Ringle & J. Wicker, *Moore's Federal Practice,* para. 0.167[8] (2d ed. 1991). *Swallow,* 794 F.Supp. at 662. The court found that the issue of fairness weighed in favor of inclusion. It stated:

> Unlike the permissive counterclaim, the compulsory counterclaim must be pled in response to the underlying claim which arises from the same transaction or occurrence. The defendant who possesses such a compulsory counterclaim, which independently satisfies the federal jurisdictional requirements, and whose opponent rushes to state court with a relatively insignificant claim that fails to meet jurisdictional requirements, will lose his federal forum if the damages he would plead in his counterclaim are ignored by the court as it determines the amount in controversy.

*Id.*

The court recognized that the removal and diversity statutes do not specifically permit consideration of any counterclaims; however, the court did not find this fact conclusive. *Id.* at 663. Rather, the result it reached in its opinion was "not contrary to a strict reading of the statute's language, and avoids the ridiculous result that would sacrifice the choice of forum of the litigant with the greater monetary interest at stake." *Id.*

We find the reasoning of the *Meridian* and *Iowa Lamb* cases more persuasive. We believe the analysis set forth in those cases is more in line with traditional jurisdictional analysis. We are also mindful of the fact that we are a court of limited jurisdiction and have "only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Management Co. v. United States,* 4 F.3d 643, 646 (8th Cir. 1993) (citations omitted).

It is not the duty or province of this court to determine which litigant has more at stake in any given situation. Rather, this court merely applies the statutes including the removal and diversity statutes and the jurisdictional concepts set forth by the higher courts. We believe this analysis requires us

to hold that the amount at stake in a counterclaim, whether compulsory or not, may not be used in determining the amount in controversy. Certainly this conclusion is compelled in a case such as the one before us where no counterclaim has of yet been filed. As there is no argument the amount in controversy stated in the plaintiff's complaint exceeds the jurisdictional minimum, the motion to remand will be granted.