**INDEPENDENT MACHINE CO., Plaintiff,**

v.

**INTERNATIONAL TRAY PADS & PACKAGING, INC. (Successor to National Converting Co., Inc.), Defendant.**

**No. Civ. 97–2987(MTB).**

United States District Court, D. New Jersey.

Jan. 5, 1998.

---

William L. Handler, West Orange, NJ, for plaintiff.

William J. Tinsley, Jr., Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, P.A., Newark, NJ, for defendant.

## OPINION

CHESLER, United States Magistrate Judge.

## I. INTRODUCTION

This matter was opened by the Court *sua sponte* by an Order to Show Cause why the above captioned action should not be remanded to the New Jersey Superior Court, Law Division, Essex County, for lack of federal subject matter jurisdiction. The Order to Show Cause was filed on November 14, 1997, and was returnable on November 24, 1997. Plaintiff's response was ordered to be by written submission and no oral argument was permitted. For the reasons stated below, the above captioned action will be remanded.

## II. BACKGROUND

This lawsuit arises out of the sale by Plaintiff to Defendant of a laminator/coater machine to be used in the manufacture of sealed-edge absorbent meat tray pads (the "Machine"). The full purchase price for the Machine was approximately $132,000. Shortly after accepting delivery of the Machine, Defendant discovered that the Machine had numerous defects that prevented it from functioning to produce the product for which it was designed. Numerous communications concerning the defects took place between Plaintiff and Defendant and Defendant subsequently made several attempts to repair the machine.

On October 16, 1996, Defendant wrote to Plaintiff, memorializing Defendant's revocation of its prior acceptance of the Machine, and requesting that Defendant accept the return of the machine and refund the purchase price. On October 19, 1996, Plaintiff responded in writing to Defendant's demand but did not mention that there were outstanding contract balances owed by Defendant.

Subsequent to this exchange of communications, Defendant's North Carolina counsel wrote Plaintiff demanding a refund of the $132,000 purchase price. On February 28, 1997, Plaintiff responded to the letter and stated that it refused to issue a refund. In response, on March 5, 1997, Defendant's attorneys advised Plaintiff that they had been directed to file a lawsuit on behalf of Defendant if the dispute could not be resolved. On April 16, 1997, Plaintiff commenced this action by filing a "Complaint on Contract" (the "Complaint") with the New Jersey Superior Court, Law Division, Essex County. The Complaint alleged that Defendant failed to pay for certain goods sold and services performed by Plaintiff and sought to recover the sum of $2970.90 from Defendant.

On June 4, 1997, Defendant answered Plaintiff's Complaint and filed numerous compulsory counterclaims involving various breach of contract and warranty claims. Through their counterclaims, Defendant sought to be reimbursed for the full price of the Machine.

On that same date, Defendant filed its Notice of Removal (the "Notice") with this Court. Defendant asserted in its Notice that this Court has jurisdiction through "diversity of citizenship." *See* Notice of Removal ¶¶ 4–8. In support of this contention, Defendant averred that Plaintiff is a New Jersey corporation, with its principal place of business in New Jersey, and that Defendant is a North Carolina corporation, with its principal place of business in North Carolina. *See* Notice of Removal ¶¶ 4–5. Additionally, Defendant contends that the "amount-in-controversy" requirement is satisfied because Defendant's counterclaims seek damages in excess of $120,000. *See* Notice of Removal ¶ 6. Therefore, Defendant concluded that there is complete diversity and federal jurisdiction. *See* Notice of Removal ¶ 7.

Based upon Defendant's use of damages pled in compulsory counterclaims, this Court issued an Order to Show Cause on November 14, 1997, directing Defendant to show cause why this case should not be remanded to state court for lack of federal subject matter jurisdiction. Defendant submitted a written response to the Order to Show Cause and argued that damages pled in compulsory counterclaims can satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332, as amended. Defendant filed a supplemental response on December 15, 1997, reiterating its prior arguments.

## III. DISCUSSION

### A. Removal and Remand

Civil actions filed in a state court can generally be removed to a federal court in that state if the district courts of the United States have original jurisdiction.[1] *See* 28 U.S.C. § 1441 (1992). Once removed, however, a case may be remanded to the state court if the court determines that it lacks adequate federal subject matter jurisdiction.[2] *See* 28 U.S.C. § 1447(c) (1992).

■ When faced with a motion to remand, the party who removed the action has the responsibility of establishing the propriety of removal. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Steel Valley Author. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1012 n. 6 (3d Cir.1987), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *Bishop v. General Motors Corp.*, 925 F.Supp. 294, 297 (D.N.J. 1996). Removal is a statutory right and, therefore, must be construed in favor of the non-removing party. *Id.* Any doubts about the existence of federal jurisdiction must be resolved in favor of remand. *Batoff*, 977 F.2d at 851; *Boyer*, 913 F.2d at 111; *Bishop*, 925 F.Supp. at 297.

1. Various federal statutes deal with the subject of removal. *See generally* 28 U.S.C. §§ 1441–1452. The general removal statute states in relevant part that:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.... (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

### B. Federal Jurisdiction

■ Jurisdiction in this matter is predicated upon diversity of citizenship. *See* Notice of Removal ¶¶ 4–8. Federal jurisdiction based on diversity of citizenship has two requirements. First, no plaintiff in the action can be a citizen of the same state as any of the defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Second, the "amount in controversy," exclusive of interest and costs, must exceed $75,000. 28 U.S.C. § 1332 (1992). There is no question that the parties in this case are diverse. Therefore, this Court's inquiry into the satisfaction of 28 U.S.C. § 1332 was prompted by Defendant's computation of the amount in controversy in its Notice of Removal.

#### 1. Amount in Controversy Generally

■ The party who invokes the jurisdiction of the federal courts carries the burden of demonstrating that court's jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). Courts will generally accept a party's good faith allegation of the amount in controversy, but if it is challenged by either the opposing party or the court, the party seeking the assistance of the federal court must

28 U.S.C. § 1441(a)–(b).

2. Federal courts have statutory authority to remand removed cases for lack of subject matter jurisdiction. *See generally* 28 U.S.C. § 1447. The federal remand statute states in relevant part that:

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

provide sufficient evidence to justify its claims. *Id.*

■ Generally, the amount claimed in the plaintiff's complaint is controlling and is deemed to be the entire amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 589–90, 82 L.Ed. 845 (1938). Specifically, when federal subject matter jurisdiction is based on diversity of citizenship, the amount in controversy must be determined from an examination of the complaint at the time it was filed. *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). This is not true, however, if upon the face of the pleadings or other proof submitted, it "appears to a legal certainty that the claim is really for less." *St. Paul Mercury Indem. Co.*, 303 U.S. at 288–89, 58 S.Ct. at 589–90, 82 L.Ed. at 845. It is then up to the plaintiff to refute the implication that jurisdiction is lacking. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Nelson v. Keefer*, 451 F.2d 289 (3d Cir.1971); *Associated Business Tel. Systems Corp. v. Danihels*, 829 F.Supp. 707, 709–10 (D.N.J.1993).

■ Where a case has been removed, however, the amount in controversy is generally decided from the plaintiff's complaint. *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir.1993); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095–97 (11th Cir.1994) (recognizing that federal removal jurisdiction is determined by the amount of damages a plaintiff seeks); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.1994) (noting that the amount in controversy was determined by the plaintiff's pleadings and papers); *Marcel v. Pool*, 5 F.3d 81, 84 (5th Cir.1993) (same); *Shaw v. Dow Brands*, 994 F.2d 364, 366 (7th Cir.1993) ("the amount in controversy [is determined] by merely looking at plaintiff's state court complaint"). The possibility that the plaintiff may "ask for or recover more after removal is not sufficient to support jurisdiction." *Burns*, 31 F.3d at 1097 n. 13; *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 564–65 (5th Cir. 1993); *Opelika Nursing Home v. Richardson*, 448 F.2d 658, 664 (5th Cir.1971). If the complaint is ambiguous as to the damages

asserted, the court may consider subsequent documentation. *Angus*, 989 F.2d at 145. The plaintiff's complaint, however, is generally still controlling. *Id.*

### 2. Defendant's Computation of the Amount in Controversy

■ On the face of the complaint in this matter, it is clear that there was an insufficient amount in controversy to support federal court jurisdiction. Plaintiff identified the value of its claim as $2970.90, obviously short of the $75,000 minimum. In Defendant's response to the Order to Show Cause, they conceded that the complaint lacks the jurisdictional amount, and only their counterclaim asserts an amount in controversy that will satisfy 28 U.S.C. § 1332. Accordingly, at the time the complaint was filed in the state court, the federal court did not have original jurisdiction over the claim. The Court, however, will consider Defendant's argument that its counterclaim established a sufficient amount in controversy so as to make removal proper.

■ The federal courts have generally and consistently refused to consider damages pled in a permissive counterclaim as providing the necessary amount in controversy for removal of a diversity action. *Iowa Lamb Corp.*, 871 F.Supp. at 1156; *see also Merchants' Heat & Light Co. v. James B. Clow & Sons*, 204 U.S. 286, 287, 27 S.Ct. 285, 51 L.Ed. 488 (1907). Federal Courts, however, are split when the counterclaim brought by the defendant is compulsory under state law. *Compare Swallow & Assoc. v. Henry Molded Prod., Inc.*, 794 F.Supp. 660 (E.D.Mich.1992) (permitting removal based on dollar amount of compulsory counterclaim); *Congaree Broadcasters, Inc. v. TM Programming, Inc.*, 436 F.Supp. 258 (D.S.C.1977) (same); *Lange v. Chicago, R. I. & Pac. R. Co.*, 99 F.Supp. 1 (S.D.Iowa 1951) (same); *with Continental Ozark, Inc. v. Fleet Supplies, Inc.*, 908 F.Supp. 668 (W.D.Ark.1995) (denying removal); *Meridian Aviation Serv. v. Sun Jet Int'l*, 886 F.Supp. 613 (S.D.Tex.1995) (same); *Iowa Lamb Corp. v. Kalene Indus., Inc.*, 871 F.Supp. 1149 (N.D.Iowa 1994) (same); *Martin Pet Prod. v. Lawrence*, 814 F.Supp. 56 (D.Kan.1993) (same).

In support of its proposition, Defendants look to the Eastern District of Michigan's decision in *Swallow*. *Swallow* dealt with a breach of contract action between a Michigan partnership and a Pennsylvania corporation. *Id.* at 660. The plaintiff's cause of action was for less than the jurisdictional minimum but the defendant removed the action based upon its compulsory counterclaim. *Id.* at 660–61. Therefore, the issue for the court was whether the damages pled in the defendant's counterclaim may provide the basis for removal diversity jurisdiction. *Id.* at 661.

Holding that the damages pled in a compulsory counterclaim could be included in the amount in controversy, the *Swallow* court stated that it was led to such a conclusion by the issue of fairness. *Id.* at 662. The court believed that to hold otherwise would end in an unfair result. *Id.* The court noted that the result of denying removal in these circumstances would be to encourage in-state parties with smaller claims than their out-of-state adversaries to rush to the courthouse to file their claims so as to deprive the non-resident of its right to sue in the United States district courts. *Id.* at 662–63; *see also Lange*, 99 F.Supp. at 3. Accordingly, the court held that allowing the inclusion of compulsory counterclaim damages in the amount in controversy would avoid "the ridiculous result that would sacrifice the choice of forum of the litigant with the greater monetary interest at stake." *Swallow*, 794 F.Supp. at 663.

In reaching this conclusion, the court in *Swallow* relied upon a Ninth Circuit case that allowed the damages pled in a compulsory counterclaim to be included in the amount in controversy when determining the existence of original diversity jurisdiction. *Id.* at 661; *see Fenton v. Freedman*, 748 F.2d 1358, 1359 (9th Cir.1984). In *Fenton*, an art consultant brought an action against several clients seeking payment for the purchase price of numerous works of art that the plaintiff had contracted to purchase on behalf of the defendant clients. *Id.* at 1359. The defendants filed a counterclaim in which they argued that the plaintiff, as their agent, breached her fiduciary duty of full disclosure. *Id.* The district court determined that original diversity jurisdiction existed and that the amount in controversy was satisfied. *Id.*

The defendants appealed the district court's conclusion that original diversity subject matter jurisdiction existed even though each of the plaintiff's claims did not individually meet the amount in controversy requirement. *Id.* The Ninth Circuit affirmed the district court and held that there was federal jurisdiction. *Id.* The court stated that the damage amount pled in a compulsory counterclaim is to be included in the calculation of the amount in controversy when seeking to determine if diversity jurisdiction is present. *Id.; Roberts Mining & Milling Co. v. Schrader*, 95 F.2d 522 (9th Cir.1938).

The Third Circuit recently decided the same issue that the Ninth Circuit tackled in *Fenton*. In *Spectacor Management Group v. Brown*, 131 F.3d 120 (3d Cir.1997), the Third Circuit was faced with a case that involved a Pennsylvania joint venture and an individual New Jersey citizen. The joint venture sued the defendant to recover severance benefits paid to the defendant following his termination. The parties disagreed on whether the plaintiff's complaint alleged a sufficient amount of damages to satisfy the amount in controversy. The Third Circuit, in affirming the district court's decision, held that the amount of a compulsory "counterclaim may be considered by the court in determining if the amount in controversy exceeds the statutory requirement for [original] diversity jurisdiction." *Spectacor*, 131 F.3d 120, 121 (3d Cir.1997).

Although *Spectacor* and *Fenton* seems to support Defendant's argument in the present case, the factual background leads this Court to a different conclusion. Both cases dealt with a complaint originally filed in the federal courts and did not involve the basis for exercising removal jurisdiction. *Id.; Swallow*, 794 F.Supp. at 661. In fact, the Third Circuit in *Spectacor*, while not directly addressing the issue at bar, stated that "removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction." *Spectacor*, 131 F.3d 120, 125 (3d Cir.1997). The *Spectacor* court noted that Congress has sought to limit removal and "that removal jurisdiction must ... be

narrowly construed in favor of the non-removing party to prevent ... encroachment on the right of state courts to decide cases properly before them." *Spectacor,* 131 F.3d 120, 126 (3d Cir.1997).

 Although Defendant contends that the *Fenton* and *Spectacor* cases support removal in the case at bar, they actually strengthen the opposite argument. Accordingly, this Court agrees with the line of decisions holding that a case cannot be removed based upon damages pled in a compulsory counterclaim. *See Continental Ozark, Inc. v. Fleet Supplies, Inc.,* 908 F.Supp. 668 (W.D.Ark.1995) (denying removal); *Meridian Aviation Serv. v. Sun Jet Int'l,* 886 F.Supp. 613 (S.D.Tex.1995) (same); *Iowa Lamb Corp. v. Kalene Indus., Inc.,* 871 F.Supp. 1149 (N.D.Iowa 1994) (same); *Martin Pet Prod. v. Lawrence,* 814 F.Supp. 56 (D.Kan.1993) (same). This rule is more advantageous because it is consistent with the well-pleaded complaint rule. Under that rule, the presence of federal question jurisdiction is determined solely by the allegations contained in the plaintiff's complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936)); *Joyce v. RJR Nabisco Holdings Corp.,* 126 F.3d 166, 171 (3d Cir.1997); *Dukes v. U.S. Healthcare,* 57 F.3d 350, 353 (3d Cir.), *cert. denied,* 516 U.S. 1009, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995). Additionally, under the well pleaded complaint rule, defenses and counterclaims that implicate federal law are normally insufficient to confer federal jurisdiction.[3] *See Public Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952). Accordingly, for the purposes of determining diversity jurisdiction, the amount in controversy should also be ascertained solely from the face of the plaintiff's complaint. *See Meridian,* 886 F.Supp. at 615.

Moreover, this rule would be consistent with the policy of construing removal statutes narrowly. *Batoff,* 977 F.2d at 851; *Boyer,* 913 F.2d at 111; *Bishop,* 925 F.Supp. at 297. The language and legislative history of the removal statutes demonstrate that Congress's intention was to limit removal jurisdiction. *See Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 107–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The Court is *Shamrock* noted that removal to federal court is a statutory right and not one granted under the Constitution. *Id.* Therefore, the Court stated, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Id.* Adopting a rule that allows a removing defendant to allege diversity jurisdiction by using damages pled in a compulsory counterclaim does not narrowly construe removal jurisdiction. Instead, it favors the removing party by allowing them to assert diversity jurisdiction even though the plaintiff's complaint clearly does not support it. This obviously goes against the Supreme Court's reasoning in *Shamrock.*

Finally, by allowing defendants in state court actions to remove cases to the federal courts by using damages pled in compulsory counterclaims, "federal subject matter jurisdiction would be reliant on state law distinctions between compulsory and permissive counterclaims." *Id.* This rule would obviously not facilitate the federal courts' purpose in making federal jurisdiction uniform across the nation. Rather, it would allow some cases to be removed in some districts but not in others. Additionally, removal diversity jurisdiction would then revolve around state law and any changes made to it. Clearly this is not the result Congress intended when it instituted removal statutes. Therefore, in the removal context, the amount in controversy should be ascertained solely from the face of the plaintiff's complaint. *See Meridian,* 886 F.Supp. at 615.

---

**3.** There are limited circumstances in which the well-pleaded complaint rule does not apply. *See Goepel v. National Postal Mail Handlers Union,* 36 F.3d 306, 311 (3d Cir.1994) (recognizing that in certain limited circumstances a defendant may be able to remove a case notwithstanding a com-

plaint's apparent grounding in state law), *cert. denied,* 514 U.S. 1063, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995); *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R.,* 858 F.2d 936, 941 (3d Cir.1988) (same).

### 3. Conclusion

Although the Third Circuit and this district have not previously dealt with the issue before this Court, it is clear that the weight of authority is in favor of adopting the rule that the inclusion of compulsory counterclaims is not permitted in the removal context. *Meridian*, 886 F.Supp. at 615. This Court, therefore, holds that the amount in controversy for an action removed pursuant to diversity of citizenship jurisdiction if found solely by reference to the plaintiff's complaint. Consequently, this Court lacks the requisite federal subject matter jurisdiction to hear this case. Accordingly, the above captioned action will be remanded.

### IV. CONCLUSION

For the reasons set forth above, this Court will remand the above captioned action to the New Jersey Superior Court, Law Division, Essex County. An appropriate order will issue.