**PROGIX, INC.**

v.

**VULCAN IRON WORKS, INC.**

No. Civ.A. 01–0067.

United States District Court,
E.D. Louisiana.

April 12, 2001.

William Thomas Finn, John Christopher Martin, Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, New Orleans, LA, for plaintiff.

Robert E. Barkley, Jr., Nicholas Dale Douchet, Barkley & Thompson, LC, New Orleans, LA, for defendant.

### ORDER AND REASONS

VANCE, District Judge.

Before the Court is a motion by plaintiff Progix, Inc. to remand this matter to state court pursuant to 28 U.S.C. § 1447(c). For the following reasons, the Court grants plaintiff's motion.

## I. Background

On February 14, 2000, Progix, Inc. filed a petition for breach of contract against Vulcan Iron Works, Inc. in the Twenty–

Ninth Judicial District Court, Parish of St. Charles, Louisiana. In the petition, Progix alleges that Vulcan failed to complete the final punch list on a contracted project. Although Progix initially sought $33,000.00 in damages, it subsequently amended its demand to $41,180.00 to reflect the actual cost of completing the punch list. Vulcan answered the state petition on July 21, 2000 and asserted a reconventional demand for more than $650,000.00. Progix answered Vulcan's reconventional demand on December 28, 2000, asserting an affirmative defense of compensation and/or offset to cover, inter alia, the cost of warranty repairs.

On January 2, 2001, Vulcan received an invoice dated December 28, 2000 from Progix. The invoice itemized $109,234.28 in backcharges for warranty work. Relying on this invoice, Vulcan removed this matter to federal court on January 9, 2001.

Progix now moves to remand the matter to state court. It argues that the amount in controversy is less than the jurisdictional threshold, that Vulcan's removal was untimely, and that Vulcan's substantive motion practice in state court precludes removal. Vulcan opposes the motion. Both parties move for an award of attorney fees and costs.

## II. Discussion

■ Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). As the removing party, the defendant bears the burden of establishing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A defendant may remove a case within thirty days of the receipt of the initial pleading or within thirty days of receipt of an amended pleading, motion, or order, or other paper from which the defendant can ascertain that the case is removable. *See* 28 U.S.C. § 1446(b). *See also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir.1992). Because the exercise of removal jurisdiction raises significant federalism concerns, the removal statutes are strictly construed. *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir.1996). Accordingly, the Court must remand the matter "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Vulcan asserts that the Court has federal diversity jurisdiction. *See id.* §§ 1332, 1441(b). For the Court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See id.* 1332(a).

■ In its petition for breach of contract, Progix seeks to recover $33,000.00 in damages for Vulcan's failure to complete the final *punch list*. That demand was subsequently revised to $41,180.00, which clearly fails to satisfy the jurisdictional threshold. Recognizing that the damages demanded in the state petition do not justify federal jurisdiction, Vulcan argues that the December 27, 2000 invoice for $109,234.28 proves that Progix's demands actually exceed $75,000.00. The invoice, however, reflects backcharges for *warranty* work, not expenses incurred completing the punch list. While Progix seeks damages arising from the punch list in its petition for breach of contract, it only asserts warranty claims as an affirmative defense to Vulcan's reconventional demand. As Vulcan notes in the third footnote in its brief, neither Vulcan's reconventional demand nor Progix's affirmative defenses may be considered in determining the requisite amount in controversy for purposes of removal. *See Conference Am.*,

*Inc. v. Q.E.D. Int'l, Inc.*, 50 F.Supp.2d 1239, 1241–42 (M.D.Ala.1999); *Independent Mach. Co. v. International Tray Pads & Packaging, Inc.*, 991 F.Supp. 687, 691–93 (D.N.J.1998); *Meridian Aviation Serv. v. Sun Jet Int'l*, 886 F.Supp. 613, 615 (S.D.Tex.1995); *Gulf–South Piling & Constr., Inc. v. Traylor Bros., Inc.*, 1997 WL 332410, at *2–3 (E.D.La. June 12, 1997). *But see Swallow & Assocs. v. Henry Molded Prods., Inc.*, 794 F.Supp. 660, 663 (E.D.Mich.1992). The Court therefore grants Progix's motion to remand and denies both parties' motions for attorney fees and costs.

## III. Conclusion

For the foregoing reasons, the Court grants Progix's motion and remands this case to the Twenty–Ninth Judicial District Court, Parish of St. Charles, Louisiana. In addition, the Court denies both parties' motions for attorney fees and costs.