**FIRESTONE FINANCIAL
CORPORATION
Plaintiff**

v.

**Shiv SYAL, et al. Defendants**

**No. 1:03 CV 742.**

United States District Court,
N.D. Ohio,
Eastern Division.

May 4, 2004.

Linda R. Van Tine, Esq., Law Office of Linda R. Van Tine, Sandusky, OH, for Plaintiff.

Michael D. Goldstein, Esq., William M. Goldstein, Esq., Cleveland, OH, for Defendants.

*MEMORANDUM OF OPINION AND ORDER REMANDING THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION*

WELLS, District Judge.

The issue before this Court is whether it has subject matter jurisdiction over this case. Plaintiff Firestone Financial Corporation ("Firestone") sued defendant Shiv Syal in Parma Municipal Court raising a

single breach of contract claim and seeking damages of $9,600.20, exclusive of costs and interest.[1] (Docket # 1, Ex. B). On 23 April 2003, defendant Shiv Syal filed a notice of removal claiming that this Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. (Docket # 1, at ¶ 14). Section 1332 gives federal courts jurisdiction over lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. Because it was unclear whether the amount in controversy was satisfied and justified removal in this case, the Court ordered the parties to show cause why jurisdiction is proper. (Docket # 40). Defendant Shiv Syal was the only party who filed a response. (Docket # 41).

■■■ As noted above, for a federal court to exercise diversity jurisdiction, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In seeking to remove a case based on diversity jurisdiction, the defendant bears the burden of establishing by a preponderance of evidence that the amount in controversy exceeds $75,000. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158–59 (1993). This burden strikes a proper balance between "the competing interests of protecting a defendant's right to remove and limiting diversity jurisdiction." *Id.* at 158. To meet its burden, the defendant does not need to prove to a legal certainty that plaintiff's damages exceed $75,000; however, it does not satisfy its burden by simply showing that the "amount in controversy

'may' meet the federal requirement." *Id.* at 159.

Mr. Syal does not apparently dispute that plaintiff's complaint, by itself, fails to satisfy the amount in controversy requirement of Section 1332, but suggests instead that this Court has jurisdiction over the case because his counterclaim and third-party complaint involve claims for damages in excess of $75,000. (Docket # 41, at 1). In his counterclaim against Firestone, Mr. Syal raises claims of unconscionability, fraud, and conversion seeking rescission of the contract, a refund of $2,048.80 in payments, as well as other actual, compensatory, and punitive damages. (Docket # 3). Mr. Syal also filed a third-party complaint against Seaga, United Vending Service Group, L.L.C., Bob Grant, and John Doe Agent for fraud, misrepresentation, and violations of the Business Opportunity Plans Act, O.R.C. § 1334.01 *et seq.*, seeking actual and compensatory damages in excess of $10,000, $100,000 in punitive damages, $10,000 in statutory damages, rescission of the contract, and attorneys' fees. (Docket # 3). Before considering whether Mr. Syal's counterclaims and third-party claims more likely than not involve damages exceeding the jurisdictional amount, the Court must first consider whether such claims can ever provide jurisdiction when removal jurisdiction is lacking over plaintiff's original claims.

While district courts have taken different approaches with respect to compulsory counterclaims, the majority of courts have held that a federal court should not consid-

---

1. According to the complaint, Mr. Syal, on 15 February 2002, executed a negotiable promissory note and security agreement to purchase vending machines from Seaga Manufacturing, Inc. ("Seaga") for $12,500. (Docket # 1, Ex. B, at ¶ 4). Pursuant to the terms of the contract, Mr. Syal was to make monthly payments of $399.40 for 35 consecutive months.

(Docket # 1, Ex. B, at ¶ 5). Subsequently, Seaga assigned its rights, title, and interest in the note and agreement to Firestone. (Docket # 1, Ex. B, at ¶ 6). After making some payments under the note and agreement, Mr. Syal allegedly breached their terms when he ceased making payments to Firestone. (Docket # 1, Ex. B, at ¶ 7).

er the value of a defendant's compulsory counterclaim in determining the amount in controversy for removal jurisdiction. *See e.g. FLEXcon Co. v. Ramirez Commercial Arts, Inc.,* 190 F.Supp.2d 185, 186–87 (D.Mass.2002); *Maloan v. Bancorpsouth Bank, Inc.,* 2002 WL 1397266, at *2 (D.Tenn. March 29, 2002); *Kaplan v. Computer Sciences Corp.,* 148 F.Supp.2d 318, 320–21 (D.N.Y.2001); *Independent Mach. Co. v. International Tray Pads & Packaging, Inc.,* 991 F.Supp. 687, 691–93 (D.N.J. 1998); 14B Wright & Miller, *Federal Practice and Procedure* §§ 3706 and 3725.[2] The Court finds the reasoning expressed in those cases, declining to consider compulsory counterclaims in determining the amount in controversy, to be persuasive.

■ While the Sixth Circuit has not directly addressed this issue, it has referred approvingly to the traditional rule that " 'no part of the required jurisdictional amount can be met by considering a defendant's counterclaim' to satisfy the amount in controversy requirement for removal jurisdiction purposes." *Sanford v. Gardenour,* 2000 WL 1033025, at *3 (6th Cir. July 17, 2000). The Sixth Circuit has also consistently held that the amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced. *Klepper v. First American Bank,* 916 F.2d 337, 340 (6th Cir.1990); *Sellers v. O'Connell,* 701 F.2d 575, 578 (6th Cir.1983); *Worthams v. Atlanta Life Ins. Co.,* 533 F.2d 994, 997 (6th Cir.1976). Moreover, only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir.2000). Taken together these cases suggest that the amount in controversy for purposes of diversity jurisdiction, at least in the context of removal, should be determined solely by considering the plaintiff's complaint. Such a conclusion is also consistent with the U.S. Supreme Court's conclusion that the language and legislative history of Section 1441 reveal a congressional intent to restrict the removal jurisdiction of federal courts and its mandate that Section 1441 should be narrowly construed to ensure "due regard for the rightful independence of state government." *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 107–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Long v. Bando Manufacturing of America, Inc.,* 201 F.3d 754, 757 (6th Cir.2000) (explaining that because the removal statutes implicate federalism concerns, they are to be narrowly construed against removal); *Coyne ex rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir.1999) (stating that all doubts as to whether removal is proper should be resolved in favor of remand to state court).

■ Having concluded that Mr. Syal's counterclaim will not be considered in de-

---

**2.** For the minority view, see *Swallow & Associates v. Henry Molded Prods., Inc.,* 794 F.Supp. 660 (E.D.Mich.1992). In reaching its conclusion, the court in *Swallow* cites to a Ninth Circuit case, *Fenton v. Freedman,* which held that the damage amount pled in a compulsory counterclaim is to be included in the calculation of the amount in controversy when seeking to determine if diversity jurisdiction is present. 748 F.2d 1358, 1359 (9th Cir.1984). *Fenton,* however, involved a case that was originally filed in federal court as opposed to one that was there based on the federal court's removal jurisdiction. *Id.* As explained by the Third Circuit in *Spectacor Management Group v. Brown,* this distinction is significant because "removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction." 131 F.3d 120, 125 (3d Cir.1997). Regardless of the persuasive value of *Fenton* and *Spectacor* in other contexts, they provide no support for Mr. Syal's proposition that a case is properly removed if a compulsory counterclaim exceeds the amount in controversy.

termining the amount in controversy for removal jurisdiction, the Court finds that Mr. Syal's third-party complaint is similarly ineffective in vesting this Court with jurisdiction. The reasons already stated for focusing solely on the plaintiff's complaint for determining the amount in controversy for removal jurisdiction are even more compelling in the context of third-party claims which are by their nature permissive and asserted against non-parties to the original action.[3]

Accordingly, regardless of the amount of damages sought by Mr. Syal in his counterclaim and third-party complaint, this Court does not have removal jurisdiction over this case because plaintiff's claims do not exceed $75,000. Lacking such jurisdiction, this Court must, pursuant to 28 U.S.C. § 1447(c), remand the case to state court.

IT IS SO ORDERED.

### ORDER OF REMAND

This Court, having contemporaneously filed its Memorandum of Opinion and Order, hereby remands this case to Parma Municipal Court, the state court from which it was removed.

A certified copy of this order of remand shall be mailed by the Clerk of the United States District Court for the Northern District of Ohio to the Clerk of Parma Municipal Court, Parma, Ohio.

IT IS SO ORDERED.

---

**3.** Given the permissive nature of third-party claims, it is worth noting that courts have consistently held that removal is not proper solely on the basis of permissive counterclaims exceeding the jurisdictional amount. *Independent Machine,* 991 F.Supp. at 691; 14B WRIGHT & MILLER, *Federal Practice and Procedure* § 3706.